## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STANLEY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-122 JAR |
| | ) | |
| UNKNOWN REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are two letters filed by self-represented plaintiff Stanley Johnson (Missouri inmate no. 532402). In the first letter, filed June 4, 2020, plaintiff complains about conditions at Southeast Correctional Center ("SECC") in Charleston, Missouri. ECF No. 1. On June 18, 2020, plaintiff filed a second letter with the Court clarifying that his "letter/complaint" was intended as a "filing … under 2254 habeas corpus cause" because the actions of defendants "was hendering [sic] me from access to the courts/liberty. And under 2254 an habeas corpus is the right." ECF No. 2 at 1. Plaintiff's letter is defective as a complaint commencing a civil case because it was not drafted on a Court-provided form. *See* Local Rule 2.06(A). Moreover, plaintiff has neither paid the filing fee nor submitted an application to proceed without prepaying fees or costs. *See* 28 U.S.C. § 1915(a)(1).

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser*

*v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action.

Here, plaintiff complains that SECC employees have refused to provide him with a grievance form so that he can complain about prison conditions that he alleges violate the Eighth Amendment's prohibition on cruel and unusual punishment. ECF No. 1 at 1. He also asserts that he is being held in Ad-Seg without cause. *Id.* Plaintiff cites to 42 U.S.C. § 1997e, a statute which requires the exhaustion of administrative remedies before filing suit under 42 U.S.C. § 1983. *Id.*

Based on the allegations in plaintiff's letter and the legal citation contained therein, it appears that plaintiff is complaining about conditions of confinement and that this case should be filed under 42 U.S.C. § 1983. However, based on plaintiff's second letter, he would like the case filed under 28 U.S.C. § 2254. Because it is unclear whether plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send plaintiff forms for both types of cases.

Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint on a court-provided form clarifying his claims, in accordance with the specific instructions set forth here. Plaintiff should inform the Court whether he intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate forms in this case.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to plead specific facts as to each named defendant and must abide by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be simple, concise, and direct); Fed. R. Civ. P. 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as

2

practicable to a single set of circumstances).  Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

Plaintiff is advised that the amended complaint will replace the original letter/complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*.

If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form, '2254 Habeas Corpus Petition' form, and 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the full filing fee **or** submit an application to proceed without prepayment of fees and costs within **thirty (30) days** of the date of this Order.

3

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an application to proceed without prepaying fees or costs and plaintiff maintains a prison account at SECC, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 22nd day of June, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**