**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| STANLEY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-CV-122 JAR |
| | ) |
| UNKNOWN REED, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Plaintiff Stanley Johnson commenced this civil action on June 4, 2020, by filing a letter with the Court. ECF No. 1. In that letter, plaintiff complained about the conditions of confinement at Southeast Correctional Center ("SECC") in Charleston, Missouri. Two weeks later, plaintiff filed a second letter with the Court clarifying that his "letter/complaint" was intended as a "filing … under 2254 habeas corpus." ECF No. 2 at 1. On June 22, 2020, the Court issued an Order explaining that plaintiff's letter was deficient as a complaint because it was not filed on a court form, as required by court rules. ECF No. 3. Also, plaintiff had neither paid the filing fee nor submitted an application to proceed without prepaying fees or costs. As such, the Court directed plaintiff to file an amended complaint on the Court-provided form, and to either pay the $400 filing fee or submit a motion to proceed without prepaying fees or costs. The Court cautioned plaintiff that his failure to timely comply with the Order would result in the dismissal of his case. Plaintiff's response was due by July 23, 2020.

To date, plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The

Court will therefore dismiss this action, without prejudice, due to plaintiff's failure to comply with the Court's June 22, 2020, Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of August, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**